UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL LEEMON CLARK,<br><br>              Plaintiff,<br><br>     v.<br><br>DANIEL SATTERBERG, *et al.*,<br><br>              Defendants. | CASE NO. C08-6-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff is currently incarcerated in the Regional Justice Center in Kent, Washington. He has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). In his proposed complaint, plaintiff asserts that he has been in custody since June 28, 2007, awaiting trial on unspecified criminal charges. (Complaint at 3). In the caption of the case, plaintiff names as sole defendant the State of Washington but in the complaint itself, he identifies Daniel Satterberg, Prosecuting Attorney of King County, as the sole defendant. (Complaint at 2).

The undersigned United States Magistrate Judge has reviewed the complaint pursuant to 28 U.S.C. § 1915A, and concludes that the complaint falls short of the allegations necessary to state a claim for relief. First, states are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Therefore, plaintiff may not sue the State of Washington here. Second, prosecutors are generally accorded immunity for actions taken pursuant to their role as advocate for the State performing functions

REPORT & RECOMMENDATION
PAGE 1

1  "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S.
2  409, 430 (1976). Prosecutorial immunity does not extend to those actions of a prosecutor that are
3  "administrative," or "investigative" in nature. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993).
4  Here, it appears that plaintiff's only allegation – that he has been held without trial since June 2007 –
5  implicates the prosecutor's role as an advocate, for which the prosecutor would be immune.
6  Accordingly, plaintiff cannot sue Daniel Satterberg in the present action.
7     In light of these deficiencies, plaintiff's complaint fails to state a claim upon which relief can be
8  granted. Based upon the case law cited above, it appears that it would be futile to grant plaintiff leave to
9  amend the complaint. Accordingly, the complaint should be dismissed and the IFP application denied as
10 moot. A proposed Order reflecting this recommendation is attached.
11    DATED this 7th day of January, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 2